## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

ASHLEY C. O.,                          )
                                       )
                Plaintiff,             )
                                       )        Case No. 17-CV-675-JED-GBC
v.                                     )
                                       )
ANDREW M. SAUL,[1] Commissioner        )
of the Social Security Administration, )
                                       )
                Defendant.             )

## OPINION AND ORDER

Before the Court is the Report and Recommendation (R&R) of United States Magistrate Judge Gerald B. Cohn (Doc. 24), plaintiff's Objection (Doc. 25), and the defendant's response (Doc. 26). In the R&R, Judge Cohn recommends that the Court affirm the decision of the Commissioner of the Social Security Administration (Commissioner) denying the plaintiff disability benefits.

### I.    Standard of Review

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." The Court's task

---

[1]     Effective June 17, 2019, Andrew M. Saul became the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Saul is substituted as the defendant in this action.

of reviewing the Commissioner's decision involves determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).

## II.   Discussion

The plaintiff's only Objection is that the ALJ's Residual Functional Capacity (RFC) limitation of "simple, repetitive tasks" is inconsistent with jobs identified by the ALJ at Step Five, all of which require a reasoning level 2 or 3.  (Doc. 25 at 2-3).  The ALJ found the plaintiff had the following RFC:

> to lift and/or carry 10 pounds occasionally and up to 10 pounds frequently; stand and/or walk at least 2 hours in an 8-hour workday; and sit for at least 6 hours in an 8-hour workday; (Sedentary work is defined in 20 CFR 416.967(a)) except she is limited to simple, repetitive tasks; can relate to supervisors and co-workers only superficially; and cannot work with the public.

(Admin. Tr., Doc. 11 at 25). The Vocational Expert (VE) opined that, in light of plaintiff's age, education, work experience, and RFC, the plaintiff could perform representative jobs of Touch-Up Screener (DOT #726.684-110), Document Preparer (DOT #249.587-018), Addresser (DOT #209.587-010), and Semiconductor Bonder (DOT #726.685-066).  (*Id.*; *see also id.* at 53-58).  Plaintiff argues that the RFC limitation of "simple, repetitive tasks" is inconsistent with those jobs, because the Dictionary of Occupation Titles (DOT) requires level 3 reasoning for Document Preparer, *see* 1991 WL 672349, and reasoning level 2 for

jobs of Touch-Up Screener, *see* 1991 WL 679616, Addresser, 1991 WL 671797, and Semiconductor Bonder, 1991 WL 679631.[2]

The Tenth Circuit has determined that there is an apparent conflict between jobs requiring reasoning level 3 and an RFC that limits a plaintiff to "simple and routine work tasks." *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005).  Under the holding in *Hackett*, the Court concludes that the job of Document Preparer, which requires level 3 reasoning, is in apparent conflict with the plaintiff's RFC of "simple, repetitive tasks." However, Judge Cohn determined that there was no error at step five, because the other representative jobs cited by the VE and the ALJ require level 2 reasoning, which he found to appear consistent with "simple, repetitive tasks."  In making that determination, he noted that "the Tenth Circuit has observed in dictum a limitation to 'simple and routine work tasks' appeared consistent with GED level 2 reasoning."  (Doc. 24 at 17).

In *Hackett*, the Tenth Circuit noted that level 2 reasoning "appears more consistent with Plaintiff's RFC." 395 F.3d at 1176. The court reversed the ALJ's decision and remanded "to allow the ALJ to address the apparent conflict between Plaintiff's inability to perform more than simple and repetitive tasks and the level-three reasoning required by the jobs identified as appropriate for her by the VE." *Id.*  Because the *Hackett* court was

---

[2]    Level 2 requires a worker to "apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations."  Appendix C, 1991 WL 688702.

Level 3 requires one to "apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." *Id.*

addressing only jobs with reasoning level 3, the court's statement about level 2 reasoning was dicta, as Judge Cohn correctly noted.

Plaintiff asserts that Judge Cohn's reliance upon the dicta in *Hackett* is improper, because the Tenth Circuit has not actually determined that level 2 reasoning is consistent with "simple and routine" RFC limitations.  The plaintiff cites *Paulek v. Colvin*, 662 F. App'x 588 (10th Cir. 2016) (unpublished), in which the Tenth Circuit cited *Hackett* and stated:

> [W]e have previously held that a limitation to "simple and routine work tasks . . . seems inconsistent with the demands of level-three reasoning." [citing *Hackett*].  While we have not spoken to whether a limitation to simple and routine work tasks is analogous to a limitation to carrying out simple instructions, the Eighth Circuit has held that a limitation to simple instructions is inconsistent with both level-two and level-three reasoning. *See Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997).  An "ALJ must investigate and elicit a *reasonable explanation* for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability."  *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) (emphasis added); *see also Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009) (noting that SSR 00-4p "requires that an ALJ must inquire about and resolve any conflicts between a [vocational expert's] testimony regarding a job and the description of that job in the [DOT.]").

*Paulek*, 662 F. App'x at 594.

In accordance with the reasoning in *Hackett*, the occupational title of Document Preparer, which requires reasoning level 3, appears to conflict with the ALJ's RFC limitations of "simple, repetitive tasks."  Plaintiff argues that the other jobs identified by the VE and ALJ, which require reasoning level 2, are also inconsistent with the RFC, because level 2 requires application of "commonsense understanding to carry out *detailed* but uninvolved written or oral instructions" and to "[d]eal with problems involving a few

4

*concrete variables* in or from standardized situations." (emphasis added). Thus, plaintiff asserts that an RFC requiring "simple, repetitive tasks" is more consistent with level 1 reasoning, which requires a worker to "[a]pply commonsense understanding to carry out simple one- or two-step instructions" and "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job." *See* Appendix C, 1991 WL 688702. The plaintiff's argument is persuasive.

It does not appear that the ALJ inquired about or resolved the apparent conflicts between plaintiff's RFC and the jobs identified by the VE. (*See* Admin. Tr., Doc. 11 at Tr. 53-58). Accordingly, the Court determines it appropriate to reverse and remand this case to the Commissioner for further proceedings in accordance with *Hackett*, *Haddock*, and *Paulek*. *See also Linda M. P. v. Saul*, Case No. 17-CV-409-JED-GBC, 2020 WL 2840243, *1-2 (N.D. Okla. Jun. 1, 2020) (unpublished) (reversing and remanding for the ALJ to address apparent conflicts between the plaintiff's RFC of "simple, repetitive, and routine tasks and the level-3 reasoning for Dietary Aide and Document Preparer and a potential conflict between that RFC and the level-2 reasoning required for Mailing Clerk"); *Hopkins v. Berryhill*, Case No. 17-CV-155-GKF-FHM, 2018 WL 4945233, *1-2 (N.D. Okla. Jul. 9, 2018) (unpublished) (reversing and remanding "to allow the ALJ to address this apparent conflict between . . . simple 1-2 step instructions and the level-two and level-three reasoning requirements of the positions of document preparer, clerical mailer, and touch-up screener"). On remand, the ALJ shall address the apparent conflicts between the plaintiff's inability to perform more than simple, repetitive tasks and the level 3 reasoning

5

for Document Preparer and the potential conflict between that RFC and the level 2 reasoning required for the other jobs identified by the VE.

## III.    Conclusion

For the foregoing reasons, the Court **rejects** that part of the R&R (Doc. 24 at 16-17) recommending affirmance of the ALJ's reliance upon the Vocational Expert's opinion regarding the occupational titles, without resolving potential conflicts between those occupational titles and the RFC.  As the plaintiff did not object to any other portions of the R&R, the R&R is in all other respects **accepted**.  This matter is **reversed in part and remanded** to the Commissioner for further proceedings in accordance with this decision. A separate Judgment will be entered forthwith.

SO ORDERED this 2nd day of September, 2020.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT